C. N. Coby Cohen, OSB #116564
Rossi Vucinovich, PC
1000 2nd Avenue, Suite 1420
Seattle, WA  98104
(425) 646-8003
ccohen@rvflegal.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PENDLETON DIVISION

| | |
|---|---|
| **JEREMY MITCHELL,**<br>an Oregon resident,<br><br>                    Plaintiff,<br><br>**v.**<br><br>**UNION PACIFIC RAILROAD COMPANY,**<br>a Delaware corporation,<br><br>                    Defendant. | Case No. 2:24-CV-1031<br><br>**PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 37(d)** |

## CONFERRAL PURSUANT TO LR 7-1(a)

Mr. Mitchell certifies that the parties communicated by e-mail and by telephone conferral on Wednesday, April 29, 2026, concerning this motion and the legal basis for same, and despite a good faith effort, no resolution was reached, necessitating the filing of this motion.

PLAINTIFF'S MOTION FOR SANCTIONS
UNDER RULE 37(d) - 1

**MOTION**

Plaintiff Jeremy Mitchell moves this Court, pursuant to Federal Rules of Civil Procedure 30(b)(6) and 37(d) and Local Rule 37, for sanctions against Defendant Union Pacific Railroad Company ("UPRR") for its effective failure to appear for its corporate deposition.

**MEMORANDUM OF LAW**

**INTRODUCTION**

Plaintiff first provided noticed Defendant UPRR's corporate deposition pursuant to Rule 30(b)(6) over a year ago. UPRR failed to promptly produce a witness, requiring several continuances. After conferral months later, Plaintiff presented a revised topic list in October 2025. Despite having this exceptional notice period, Defendant UPRR utterly failed to prepare its corporate designee for testimony on behalf of the corporation. In complete disregard of its obligations to abide by the Federal Rules of Civil Procedure, Defendant's selected designee on all managerial topics testified that he spent just one hour, the day before the deposition, preparing to testify. He verified that he reviewed only scant documentary materials, conducted no interviews or reviews internally at the company, and reviewed no additional evidence. This was despite the established availability of a variety of witnesses, depositions, a broader scope of documents, discovery responses, and other information known to the company to be responsive or potentially responsive to the subjects of inquiry duly noticed under the Rule. Unsurprisingly, UPRR's designee was unable to provide even the most basic answers to the most fundamental issues in the case, affirmatively admitting on multiple occasions that he was "not prepared" and did not know responses to questions.

UPRR's failure to adequately prepare for its corporate deposition is a violation of Rule 30(b)(6) and the cases interpreting it. Sanctions are appropriate as a result.

PLAINTIFF'S MOTION FOR SANCTIONS
UNDER RULE 37(d) - 2

**ROSSI VUCINOVICH PC**
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

**FACTS**

Mr. Mitchell filed suit against UPRR on June 26, 2024, alleging violations of the Americans with Disabilities Act and the Oregon Law Against Discrimination and defamation. Complaint (dkt. #1) at ¶¶ 65-92. Specifically, he alleged that UPRR had illegally removed him from service as a locomotive engineer, arbitrarily demanding that he obtain a medical evaluation of a supposed medical disability before allowing him to return to work. *Id.* at ¶¶ 65-86. Mr. Mitchell was at all times able to perform the essential functions of his job without difficulty and without concerns being raised about his safe performance of his job running a locomotive. *Id.* at ¶¶ 70, 81; *see also, e.g.,* Cohen Decl. at ¶ 8 (discussing the deposition of UPRR Manager Justin Anderson).

In discovery, Mr. Mitchell sought and obtained answers to interrogatories and responses to requests for production of documents from UPRR. Cohen Decl. at ¶ 5. He also issued a Rule 30(b)(6) deposition notice to UPRR dated April 4, 2025. *See* Cohen Decl. at ¶13 and Ex. 1 (original 30(b)(6) notice). Continuances of the date for completion of discovery on several occasions were entered to allow for completion of the 30(b)(6) deposition of UPRR and limited other discovery, including the deposition of Justin Anderson, the manager who had removed Mr. Mitchell from service twice, that remained uncompleted. *See, e.g.,* Orders (dkts. ## 18, 31, 33, 35, 43, and 49). In October 2025, UPRR's counsel conferred and sought to narrow some subjects of inquiry, after which an amended notice was reissued. *See* Cohen Decl at ¶14 and Ex. 2, Amended Notice of 30(b)(6) Deposition of UPRR.

In ultimately designating deponents to speak on the 30(b)(6) subjects of inquiry, UPRR split the topics into medical-related topics and manager-related topics, with some topics overlapping. It initially designated Mr. Justin Anderson, the manager who had removed

PLAINTIFF'S MOTION FOR SANCTIONS
UNDER RULE 37(d) - 3

Mr. Mitchell from service twice, to answer the manager-related topics. Cohen Decl. at ¶¶ 6-8. Though the parties initially sought to complete Mr. Anderson's personal deposition and then to start UPRR's 30(b)(6) deposition on manager topics, time ran out on the day after an extensive personal deposition on a variety of topics related to the claims of Mr. Mitchell. *Id.* After further continuances, the deposition on manager-related topics was ultimately rescheduled to April 23, 2026, and UPRR had by that time elected to re-designate a new deponent, Mr. David O'Hara, to testify on its behalf on all of those topics. Cohen Decl. at ¶¶ 8-9.

The topics specifically at issue for that deposition were the following subjects of inquiry from the Cohen Decl. at ¶14 and Ex. 2. *See* Subjects of Inquiry Nos. 1, 2, 3, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, and 18.

Mr. O'Hara testified on April 23, 2026, as UPRR's designee on all those manager topics. See Cohen Decl. at ¶15 and Ex. 3 thereto. As discussed in some detail below, UPRR's designee testified that he did not prepare virtually at all. His preparation totaled about one hour the day prior reviewing an e-mail string that is a couple of pages long, some photographs, two company forms accomplishing the removal from service of Mr. Mitchell, and the Medical Rules. *Id.* at Ex. 3 to Cohen Decl., Manager Designee Deposition of UPRR (for simplicity, referred to hereafter as "UPRR Depo.") at pp. 14:13-15:7; 37:13-38:7 and Exhibits 5-8 thereto. UPRR's designee testified that he could not provide information beyond what was stated in the e-mail string and other limited documents. UPRR Depo. at pp. 38:16-17 ("I can only speak to what I read in the e-mails."); 41:4-42:6 ("I can testify to what I saw in the e-mails and the Policy from Health & Medical Services."); 46:10-23 (acknowledging that the text of the e-mails formed the limits of what he knew was utilized in decision-making); 114:2-3 ("Based on the evidence I've

PLAINTIFF'S MOTION FOR SANCTIONS
UNDER RULE 37(d) - 4

been given to date, that's all I can rely on.").[1]  That was not even remotely diligent preparation in this employment discrimination case about two separate removals from service.

UPRR's designee did not speak with anyone else at Union Pacific, including: Mr. Anderson, the manager (and withdrawn designee) who had actually made the decision to remove Mr. Mitchell from service on two occasions; HR, with whom Mr. Anderson spoke to get advice prior to removing Mr. Mitchell; or any other involved persons.  *See, e.g.,* UPRR Depo. at 14:23-15:7 (no attempt was made to speak to UPRR personnel or to review deposition transcripts); 22:11-23:24 (lack of knowledge of conversations between the manager and HR). UPRR's designee did not review any deposition testimony in the case whatsoever, including from Mr. Anderson, the manager who made the decisions to remove Mr. Mitchell.  *Id.* at 15:1-3. UPRR's designee did not review UPRR's discovery responses.  *Id.* at 124:24-125:8 (review limited solely to the documents marked as the last four exhibits).  UPRR's designee did not seek out or investigate any information from anyone or from any source other than the documents he'd reviewed.  *Id.* at 14:23-15:7. He did not obtain or investigate information from the hotel mentioned in the documents, other managers of Mr. Mitchell, or co-workers of Mr. Mitchell.  *Id.* at 68:22-69:10 (not seeking out information about UPRR contacts with hotel or manager contacts with Mr. Mitchell).  He did not review Mr. Mitchell's performance records, discipline records, or earnings records.  *Id.* at 28:14-30:21 (testifying to the designee's lack of knowledge of Mr. Mitchell's job performance); 35:20-36:3 ("None of the information I reviewed had anything to do with job performance at all. . . . Or ability to perform the job"); 117:6-11 (lacking information about any performance issues).  UPRR's designee did not seek out Mr. Mitchell's hours of service.  UPRR Depo. at 103:13-104:11 ("I don't know what his hours of service were.

---

[1] He did, however, also seek to add his assumptions to his testimony beyond his actual preparation and review. *See, e.g.,* UPRR Depo. at 57:16-58:7 and 61:18-23.

PLAINTIFF'S MOTION FOR SANCTIONS
UNDER RULE 37(d) - 5

**ROSSI VUCINOVICH PC**
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

. . . I'm not prepared."). He did not seek out records of earnings of others from the periods Mr. Mitchell had been held off of work. UPRR Depo. at 104:13-105:5 ("I did not review any documents about pay" or prepare for that topic). He did not review text messages between Mr. Mitchell and Mr. Anderson. UPRR Depo. at 124:24-125:8. He did not seek out information on how others with the same or similar issues had been treated. UPRR Depo. at 118:23-119:14. This disregard of its obligations under the Rules is made worse by the fact that the topics of the corporate deposition were known to the company and its attorneys for *over a year*. Cohen Decl. at ¶ 13 and Ex. 1. Indeed, UPRR affirmatively negotiated a revised scope of the notice over six months ago, resulting in the amended notice. Cohen Decl. at ¶ 14 and Ex. 2.

Mr. O'Hara, as UPRR's designee, also expressly testified at many points in the deposition that he simply did not know answers to basic questions within the scope of the notice. See, e.g., UPRR Depo. at 22:10-23:24 (repeating "I don't know" several times about interactions between the manager and HR); 28:14-16 ("I do not know" whether Union Pacific considered Mr. Mitchell's job performance in its decision-making); 30:9-31:4 ("I do not know" with regard to whether Mr. Mitchell's ability to perform the essential functions of his job was taken into consideration); 43:5-6 and 43:21-44:3 ("I do not know" about the manager's review of the Medical Rules policy or whether it was taken into consideration); 50:19-20 ("I do not know the conversation between Health and Medical Services and Mr. Anderson"); 67:1-2 ("I do not personally have knowledge about Mr. Anderson's Health and Medical education"); 67:22-68:9 (repeatedly indicating "I do not know" to questions about the hotel engagement); 89:19-25 (refusing to "speculate" on what the manager who removed Mr. Mitchell from service thought); 90:18-19 ("I don't know what medical condition was perceived with Mr. Mitchell"); and 98:20-

PLAINTIFF'S MOTION FOR SANCTIONS
UNDER RULE 37(d) - 6

99:6 ("I do not know" repeatedly to questions about whether UPRR believed that Mr. Mitchell was fatigued after raising that as a possible issue).

As an example of the extraordinary limitations of his preparation, UPRR's designee also indicated that all he did to prepare to respond to questions about subject of inquiry number one was, "I read the question.  That's what I did to prepare."  UPRR Depo. at pp. 19:24-20:2; *cf.* 20:25-21:3 (saying he'd just read the documents).  UPRR's designee further bluntly admitted that he was unprepared to answer questions on several topics.  See, e.g., UPRR Depo. at 103:13-104:10 ("I'm not prepared" to testify on topic 13); 104:13-105:5, 106:11-14 (acknowledging lack of preparation for topic 14); 106:16-108:15 (lack of preparation for topic 15); 112:20-25 and 113:8-19 (indicating as to topic 16 that in addition to what he reviewed, "There may be considerably more"); 114:5-22 and 115:17 (indicating on topic 17 that he'd reviewed nothing and saying "I can't speak for anyone else"); 118:23-119:14 (indicating lack of preparation to speak to topic No. 18).

While UPRR's designee provided, or feigned to provide, some limited answers to topics, Mr. O'Hara had received and reviewed grossly insufficient information to be able to testify fully about the reasonably available knowledge of UPRR about any topics.  Answers provided, then, were either given with intentionally restricted information or were given with no background information at all.

## LEGAL ARGUMENT AND AUTHORITY

Federal Rule of Civil Procedure 30(b)(6) requires a company to designate a deponent to speak on its behalf, and "[t]he persons designated must testify about information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).  In this case, UPRR expressly chose to ignore this obligation on the eve of the discovery cutoff, more than a year after the

PLAINTIFF'S MOTION FOR SANCTIONS
UNDER RULE 37(d) - 7

30(b)(6) topics were originally served, seemingly in order to restrict Mr. Mitchell from obtaining discovery to which he is unquestionably entitled.  Given the intentionality and enormity of the failure and the timing thereof, sanctions are appropriately imposed on UPRR.

**A.     The Rule Requires Thorough Preparation for a 30(b)(6) Deposition, and UPRR Chose Not to Prepare its Designee**

Rule 30(b)(6) requires a company to "provid[e] a thoroughly educated [] deponent." *Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 541 (D. Nev. 2008). It requires that the deponent be prepared "to provide knowledgeable answers reasonably available to the corporation, which include information ascertainable from project files and documents in the repository, information from past [and current] employees, witness testimony and exhibits, or any other sources available to the corporation, including factual information learned through or from its counsel." *Id.*  A Central District of California District Court cited the following language from a case in the District of Massachusetts concerning what is required:

> [T]he law is well-established that a 30(b)(6) deponent does have an affirmative obligation to educate himself as to the matters regarding the corporation. "Rule 30(b)(6) explicitly requires [a company] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the 'sandbagging' of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process ...."

*Bd. of Trustees of Leland Stanford Junior U. v. Tyco Intern. Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008), *citing and quoting Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Co., Inc.,* 201 F.R.D. 33, 36 (D. Mass. 2001) (*itself quoting United States v. Taylor,* 166 F.R.D. 356, 362 (M.D.N.C. 1996), *aff'd* 166 F.R.D. 367 (M.D.N.C. 1996))

The obligation exists even if the chore is difficult and tiresome.  "Even if the documents are voluminous and the review of those documents would be burdensome, the deponents are still

PLAINTIFF'S MOTION FOR SANCTIONS
UNDER RULE 37(d) - 8

required to review them in order to prepare themselves to be deposed." *Calzaturficio S.C.A.R.P.A.,* 201 F.R.D. at 37, *quoted in Bd. of Trustees*, 253 F.R.D. at 526. It is the only way to ensure that the knowledge of the corporation is available to the deposing party. *Id.* And production of documents, standing alone, is "not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent." *Great Am. Ins. Co.*, 251 F.R.D. at 541. "[T]he two forms of discovery are not equivalent, and depositions provide a more complete means to obtain information and are, therefore, favored." *Id.*

UPRR made the election to provide a 30(b)(6) deponent to be deposed on a wide array of topics, but who had spent merely one hour of preparation time reviewing just a few pages of information. The list provided above of what the witness did not do to prepare for the deposition and obtain the knowledge of UPRR is telling, and establishes conclusively that UPRR intentionally failed to present a 30(b)(6) witness with the reasonably available knowledge of the company for the deposition. Information, testimony, personal questioning, and documentation well beyond the scant materials actually reviewed by UPRR's designee was available for review by him, but was not utilized in preparation at all. That failure should result in sanctions.

**B.    Sanctions are Appropriate Here Because UPRR Failed to Prepare its Designee for its 30(b)(6) Deposition, Effectively Failing to Appear**

As UPRR has done here, where a company fails to present a 30(b)(6) witness with the reasonably available knowledge of the company for a deposition, it is equivalent to not appearing for the deposition at all, and sanctions are appropriate.

"[I]f a Rule 30(b)(6) witness is unable to give useful information[,] he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it." *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000). "[W]hen a witness is designated by a corporate party to speak on its behalf pursuant to

PLAINTIFF'S MOTION FOR SANCTIONS
UNDER RULE 37(d) - 9

Rule 30(b)(6), '[p]roducing an unprepared witness is tantamount to a failure to appear' that is sanctionable under Rule 37(d)." *Id.* "Fed. R. Civ. P. 37(d) allows the court to impose various sanctions for a party's failure to comply with Rule 30(b)(6). The Rule provides a panoply of sanctions, from the imposition of costs to entry of default." *Great Am. Ins. Co.*, 251 F.R.D. at 542-43 (internal citation and quotation omitted). "Sanctions are *mandatory* for failure to attend a noticed deposition . . . unless the court finds that the failure was 'substantially justified or that other circumstances make an award of expenses unjust.' " *Lee v. Walters*, 172 F.R.D. 421, 425 (D. Or. 1997), *citing* Rule 37(d)(1).

UPRR failed to provide a knowledgeable, prepared designee on duly-noticed deposition topics. It had actual knowledge of these topics for over a year, even as negotiated and limited them by conferral some six months ago. UPRR does not get to purposefully restrict the preparation of a witness, and thereby available testimony, where the reasonably accessible knowledge of the company goes *well beyond* the selected documents.

Mr. Mitchell had a right to obtain the knowledge of the company, not some tiny bits thereof. UPRR's utter failure to participate in its own deposition is blatant and severe enough to warrant striking UPRR's defenses to this action. Defendant's failure to provide its required corporate testimony on essential topics in this case has severely prejudiced Mr. Mitchell. The Court must consider the severity of the failure, particularly in light of the many continuances to obtain this very testimony, in assessing what sanctions to impose. Despite more severe sanctions being appropriate here, Mr. Mitchell proposes a more moderate course. The Court should allow adverse inferences to be made on each of the noticed topics for which UPRR failed to fully prepare, and UPRR should not be permitted to present any contrary evidence or argument on them. The Court should also impose financial sanctions against UPRR, and Mr. Mitchell requests

PLAINTIFF'S MOTION FOR SANCTIONS
UNDER RULE 37(d) - 10

**ROSSI VUCINOVICH PC**
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

$15,000, an amount representing just 20 hours of time of counsel for Mr. Mitchell.  Cohen Decl. at ¶ 16.

Dated:  April 30, 2026

**ROSSI VUCINOVICH PC**

*/s/ C. N. Coby Cohen*

C. N. Coby Cohen, OR Bar #116564
*Attorney for Plaintiff*

*CERTIFICATE OF COMPLIANCE*

*This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2,984 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel*

PLAINTIFF'S MOTION FOR SANCTIONS
UNDER RULE 37(d) - 11

**ROSSI VUCINOVICH PC**
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System which will send notification of such filing to the following:

Donna Maddux, OSB #023757
Constangy, Brooks, Smith & Prophet, LLP
4800 SW Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: 503-376-5939
E-mail: dmaddux@constangy.com

Michael N. Westheimer, Pro Hac Vice
Constangy, Brooks, Smith & Prophet, LLP
601 Montgomery Street, Suite 350
San Francisco, CA 94111
Telephone: 415-918-3018
E-mail: mwestheimer@constangy.com

Alexis M. Holloway, OSB #254315
Constangy, Brooks, Smith & Prophet, LLP
1 West Fourth Street, Suite 850
Winston-Salem, NC 27101
Telephone: (336) 721-6855
Email: amholloway@constangy.com

*Attorneys for Defendant*

Dated: April 30, 2026

  *s/ Kimberly Hubbard*
Kimberly Hubbard, Paralegal

PLAINTIFF'S MOTION FOR SANCTIONS
UNDER RULE 37(d) - 12